Barry J. Kell
Call, Hanson and Kell, P.C.
250 H Street
Anchorage, AK 99501

Phone:   (907) 258-8864
Fax:     (907) 258-8865
E-Mail:  barry@chklaw.net

Attorneys for Defendants
United Services Automobile
Association and USAA Casualty
Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHERYL WHEELER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. _____ |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, INC., and SHARON SADLON, | ) Superior Court for the State of Alaska ) Third Judicial District at Anchorage ) Case No. 3AN-10-8110 CI |
| Defendants. | ) |

### NOTICE OF REMOVAL

To:   THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF ALASKA

Defendants United Services Automobile Association ("USAA") and USAA Casualty Insurance Company (incorrectly sued as USAA Casualty Insurance Company, Inc.) ("USAA CIC") (collectively, the "USAA Defendants") hereby give notice of the removal of this action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446, and 1453.

In support of this Notice of Removal, Defendants state:

**INTRODUCTION**

1. Plaintiff Sheryl Wheeler brought this action on behalf of herself and a putative class of plaintiffs who, since 2001, were injured in Alaska auto accidents and received from the USAA Defendants payments under the bodily injury ("BI") coverages of their policyholders' auto insurance policies. Plaintiff alleges, among other things, that the USAA Defendants improperly limited the payment of Civil Rule 82 fees to these third-party claimants to the face policy limits of the BI coverages, instead of paying them "unlimited Rule 82 attorney fees." Plaintiff also has sued Defendant Sharon Sadlon, who was the insured involved in Plaintiff Wheeler's claim.

2. Plaintiff has brought three claims for relief. The First Claim seeks reformation of the settlement agreements and releases, entered into by the putative class members, to reflect the alleged "intent of the parties" that the USAA Defendants be required to pay "unlimited" Rule 82 fees. (First Amended Complaint (Ex. B(23)) ¶¶ 37-41) The Second Claim is for "misrepresentation," and asserts that the putative class members relied on the USAA Defendants' "representations" that the payments were for "full policy limits." (*Id.* ¶¶ 42-46.) The Second Claim asserts that the putative class members have been damaged by the USAA Defendants' alleged misrepresentations in an amount equal to the difference between the "actual policy limits" (as defined by Plaintiff) and the amounts they actually received. (*Id.* ¶ 46.) Alternatively, the Second Claim seeks rescission of the settlement agreements and releases due to these alleged misrepresentations. (*Id.*) The Third Claim is for "rescission for mutual mistake," and asserts that the settlement agreements should be rescinded, and the putative class members' releases be voided, based on mutual mistake. (*Id.* ¶¶ 47-48.) Among other things,

Plaintiff seeks an award for each putative class member consisting of "the difference between [the USAA Defendants'] actual policy limits [as defined by Plaintiffs] and the amount the class member has already been paid or, at the class member's option, voiding each class member's release." Plaintiffs also seek costs, interests, and attorneys' fees. (*Id.* at 13 ¶¶ 5-6.)

3. The putative plaintiff class is defined as follows:

> [P]ersons: A) Injured in Alaska since 2001 by persons or entities insured by the USAA Group [defined by Plaintiff as USAA and USAA CIC] for legal liabilities, and B) To whom the USAA Group tendered an amount in settlement that it represented was its full policy limits [as alleged by Plaintiff], and C) To whom the USAA Group tendered an amount in settlement that was calculated as though it had complied with the requirements of Alaska law for limiting its Rule 82 attorney fee coverage, and D) Who agreed to release USAA Group insureds from legal liabilities in exchange for payment of less than the actual policy limits [as defined by Plaintiff], including unlimited Rule 82 attorney fees coverage calculated as a percentage of their total damages rather than as a percentage of the USAA Group's BI limits.

(*Id.* ¶ 53.)

4. As demonstrated below, this action is removable pursuant to CAFA. This removed action is a "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(A), (B), and 1453(a);[1] the removal is timely; there is diversity of citizenship between Plaintiff and the USAA Defendants; there are at least 100 putative plaintiff class members; and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. *See id.* §§ 1332(d)(2), (d)(5)(B), (d)(6), 1441, 1446, 1453.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the USAA Defendants, along with a copy of the Superior Court docket sheet, are

---

[1] The term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action is brought by Plaintiff pursuant to the Alaska class action statute on behalf of a putative plaintiff class.

3

attached hereto as Exhibits A and B. Defendants will file with the Superior Court a copy of this Notice of Removal.

## TIMELINESS OF REMOVAL

6. The First Amended Complaint was filed on January 14, 2011, and served by mail on Defendants on January 18, 2011. (*See* Exs. A, C.)[2] The First Amended Complaint is the pleading from which it may first be ascertained that this action is one which has become removable under 28 U.S.C. §§ 1446(b) and 1453.

7. Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff's original Complaint (Ex. B(2)) was filed on June 10, 2010, but was brought only against USAA, and not also USAA CIC. At that time, there were fewer than 100 putative plaintiff class members. As demonstrated by the Declaration of Clara Ramirez (Ex. D), the number of putative class members with respect to USAA policies at the time of the filing of the First Amended Complaint (January 14, 2011) was 87. (Ramirez Dec. ¶ 5.) Furthermore, as of January 14, 2011, the number of putative class members with respect to USAA CIC policies was 49. (*Id.*) Thus, with the addition of USAA CIC in the First Amended Complaint on January 14, 2011, the number of putative class members is now in excess of 100.

8. Moreover, the First Amended Complaint is the first pleading that names USAA CIC as a Defendant. (*See* Exs. B(2), (23).) Under CAFA, USAA CIC has an independent right to remove a putative class action. *See* 28 U.S.C. § 1453(b) (under CAFA, "action may be removed by any defendant without the consent of all defendants").

---

[2] The USAA Defendants' counsel agreed to accept service of the First Amended Complaint.

9. Accordingly, this Notice of Removal is timely, because the action was removed within 30 days from service of the First Amended Complaint. *See id.* §§ 1446(b), 1453.

## **DIVERSITY OF CITIZENSHIP**

10. This action satisfies CAFA's requirements for diversity of citizenship.

11. Under CAFA, complete diversity of citizenship no longer is required. Instead, CAFA requires only "minimal diversity": "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See id.* § 1332(d)(2)(A). Moreover, under CAFA, the citizenship of unincorporated associations is now treated like that of corporations: "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Id.* § 1332(d)(10).

12. There is no question that diversity jurisdiction exists here. Plaintiff is a resident of the State of Alaska. (First Amended Complaint ¶ 1) Defendant USAA is an unincorporated association: it is a reciprocal interinsurance exchange organized under the laws of the State of Texas, with its principal place of business in Texas. (Ramirez Dec. ¶ 2) Defendant USAA CIC is a Texas corporation with its principal place of business in Texas. (*Id.* ¶ 3.) Defendant Sharon Sadlon is a resident of the State of Alaska. (First Amended Complaint ¶ 2) Accordingly, the USAA Defendants are both citizens of the State of Texas, and Plaintiff is a citizen of the State of Alaska. CAFA's minimal-diversity requirement is satisfied.

## NUMBER OF PUTATIVE PLAINTIFF CLASS MEMBERS

13. As demonstrated above, the number of putative plaintiff class members exceeds the CAFA minimum of 100. *See supra* ¶ 7.

## THE AMOUNT IN CONTROVERSY

14. Defendants dispute that Plaintiff has stated any viable claims or that any damages are owed to Plaintiff or to any member of the putative plaintiff class. Nevertheless, it is evident from the allegations of the First Amended Complaint and the nature of Plaintiff's claims that the amount in controversy exceeds CAFA's jurisdictional threshold of $5 million, exclusive of interest and costs. *See* 28 U.S.C. ¶ 1332(d)(6).

15. First, Plaintiff seeks monetary damages consisting of "the difference between the USAA Group's actual policy limits [as defined by Plaintiff] and the amount the class member has already been paid." (First Amended Complaint at 13 ¶ 5.) Class Counsel has brought another "Rule 82 fees" class action against USAA and USAA CIC: *Abrahams-Gollub v. United Servs. Auto. Ass'n, et al.*, No. 3AN-09-6693 CIV. (*See* Ex. E(1)-(3).) That case sought the same type of relief as Plaintiff does here, but was brought on behalf of a putative plaintiff class who made first-party claims under the uninsured/underinsured motorists coverages of their USAA and USAA CIC auto policies. (*See* Ex. E(1).) On November 18, 2010, the Superior Court granted preliminary approval to a class action settlement between the parties. (Ex. E(3)) Under the terms of the agreement, Defendants agreed to pay up to $2,577,778 for the payment of claims, notice and settlement administration fees, and the fees of the Neutral Evaluator (capped at 5%), based on a settlement class size of 58 persons, and exclusive of the payment for Class Counsel's attorneys' fees and costs. (Ex. E(2) ¶ 58.) Class Counsel, therefore, has valued these claims — for purposes of settlement — at a minimum of more than $40,000 per class member.

When that number is applied to the *Wheeler* putative class of at least 136 persons, the total compensatory damages sought by Plaintiff are in excess of $5.4 million.

16. Moreover, Class Counsel also seeks an award of attorneys' fees. (First Amended Complaint at 13 ¶ 6.) Statutory attorneys' fees are included as part of the amount in controversy. *See, e.g., Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).

17. Accordingly, in this case, the sum of Plaintiff's claimed damages and attorneys' fees exceeds the amount of $5,000,000, exclusive of interest and costs, and thereby satisfies CAFA's jurisdictional minimum.

## CONCLUSION

18. The USAA Defendants reserve all defenses and objections to Plaintiff's First Amended Complaint.

19. The USAA Defendants reserve the right to amend and/or supplement this Notice of Removal.

DATED at Anchorage, Alaska, this 14th day of February, 2011.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant USAA

By: _____
Barry J. Kell
ABA No.: 8611120

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☒ mailed this 14 day of February, 2011 to:

Michael D. Corey
Peter A. Sandberg
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501

Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501

Marci A. Eisenstein
Aphrodite Kokolis
Schiff Hardin LLP
233 S. Wacker Dr., Suite 6600
Chicago, IL 60606

_/s/ Melissa McNell_