## CASE DESCRIPTION – SUPERIOR COURT

Case Number: 3AN-10- CI

Check the box that best describes the case. Mark one box only. If the caption is "In the Matter of", do not select Civil – Superior Court case. Use either Superior Court Miscellaneous Petition or appropriate Domestic Relations case type. For district court cases, use form CIV-125D.

### CIVIL – SUPERIOR COURT

**CONTRACT** – *Contract cases involving real property should be reported under the real property category.*

- ☐ Debt Collection (CISDEB)
- ☐ Claim Against Seller of Goods/Services (CISCLAIM)
- ☐ Employment Dispute (CISEMP)
- ☐ Other Contract (CISOCT)

**TORT**

- ☐ Intentional Tort (e.g., assault, battery, vandalism) (CISIT)
- ☐ Slander/Libel/Defamation (CISSLD)
- ☐ Product Liability (CISPL)
- ☐ Wrongful Death (CISPID)

Automobile Negligence:

- ☐ Personal Injury Only (CISPIA)
- ☐ Property Damage Only (CISPDA)
- ☐ Both (CISIDA)

Other Negligence:

- ☐ Personal Injury Only (CISPIO)
- ☐ Property Damage Only (CISPDO)
- ☐ Both (CISIDO)

**MALPRACTICE**

- ☐ Legal Malpractice (CISLMP)
- ☐ Medical Malpractice (CISMMP)
- ☐ Other Malpractice (CISOMP)

**REAL PROPERTY**

- ☐ Foreclosure (CISFOR)
- ☐ Condemnation (CISCNDM)
- ☐ Real Property Action (CISREM)

**OTHER CIVIL**

- ☐ Arbitration Proceeding (CISAP)
- ☐ Confession of Judgment (CISCCONF)
- ☐ Declaratory Judgment/Injunc. Relief (CISINJ)
- ☐ OSC Request – Admin Agency (CIOSC)
- ☐ Action to Enforce Administrative Agency Order (Incl Subpoena) (CIBW)
- ☐ Writ of Habeas Corpus (CIWHC)
- ☐ Election Contest or Recount Appeal (CISELE)
- ☐ Enforcement of Arbitration Order or Subpoena AS 09.43.070 (CIARB)
- ☐ Unfair Trade Practice (CISUTP)
- ☐ Consumer Protection (CISCP) (Clerk: mail copy of complaint/initial pleading to attorney general)
- ☒ Other Civil Complaint (CISOCI). Describe: Class Action

### FORCIBLE ENTRY AND DETAINER – SUPERIOR COURT

- ☐ Eviction – F.E.D. (CISFED)

### FOREIGN JUDGMENT – SUPERIOR COURT

- ☐ Registration of Foreign Judgment (CISFOJ) *Do not use for foreign support/custody order. See Domestic Relations category.*

### POST-CONVICTION RELIEF TO SUPERIOR COURT

- ☐ Post-Conviction Relief (CISPCR)

### DOMESTIC RELATIONS

**DIVORCE WITHOUT CHILDREN**

- ☐ Divorce Without Children (CISDIV)

**DIVORCE OR CUSTODY WITH CHILDREN**

- ☐ Petition for Custody (CISCUS)
- ☐ Divorce With Children (CISDVC)

**LEGAL SEPARATION**

- ☐ Legal Separation With Children (CICLS)
- ☐ Legal Separation Without Children (CISLS)

**DOMESTIC RELATIONS OTHER**

- ☐ Ex Parte Application for OSC for Failure to Comply with Admin Order for Genetic Testing (CIOSCP)
- ☐ Action to Modify or Enforce Administrative Child Support Order (CIPCS)
- ☐ Petition for Order re: PFD or Native Dividend (CIPND)
- ☐ Establishment of Paternity (CISPAT)
- ☐ Disestablishment of Paternity (CIDPAT)
- ☐ Foreign Custody Order (Registration, Modification or Enforcement) (DR483)
- ☐ Foreign Support Order (Registration, Modification or Enforcement) (CIUIFSA)
- ☐ Registration of Foreign Domestic Relations Order (Not Support or Custody) (CIDRFJ)
- ☐ Petition for Annulment (CIANNUL)
- ☐ Petition for Visitation (CIVIS)
- ☐ Registration of Child Custody Determination AS 25.30.430 (CIRCCD)

## SUPERIOR COURT MISCELLANEOUS PETITION

- [ ] Entry & Inspection Warrant – AS18.60.083 (CISWRNT)
- [ ] Appointment of Trustee Counsel (CISTC)
- [ ] Other Superior Court Petition (CISPET)
  Describe: ______________________________

## APPEAL & REVIEW MATTERS IN THE SUPERIOR COURT

### ADMINISTRATIVE AGENCY APPEAL

- [ ] DMV Appeal (CIADDMV)
- [ ] Administrative Agency Appeal (CIADR)
- [ ] Employment Security Appeal (CIADRESA)

### APPEAL FROM DISTRICT COURT

- [ ] Civil or Small Claims Appeal (CIACI)
- [ ] Criminal Merit Appeal (CIACRM)
- [ ] Criminal Sentence Appeal (CIACRS)
- [ ] Minor Offense Appeal (CIAMO)

### PETITION FOR REVIEW OR RELIEF

- [ ] Petition for Review from Admin. Agency (CIPRA)
- [ ] Petition for Review from District Court (CIPRD)
- [ ] Petition for Review from Admin. Agency – AS 44.62.305 (CIPRLF)
- [ ] CSSD License Review Action (CICSED)





IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

COPY
Original Received
JUN 10 2010
Clerk of the Trial Courts

SHERYL WHEELER,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, and SHARON SADLON,

Defendants.

Case No. 3AN-10-_____ CI

COMPLAINT

For her Complaint, Sheryl Wheeler alleges as follows:

1. Sheryl Wheeler ("Wheeler") is a resident of Alaska, residing in the Third Judicial District.

2. On January 3, 2009, Wheeler was involved in an automobile accident ("the accident") caused by Sharon L. Sadlon ("Sadlon"), an Alaska resident.

3. Wheeler, who was seriously injured, sought legal representation from Robert D. Stone, Esq. ("Stone") of Anchorage, Alaska.

4. Sadlon had automobile liability insurance protecting her against Wheeler's claims arising out of the accident.

5. Sadlon was insured by United Services Automobile Association ("USAA") under an automobile liability policy ("the Policy") providing $50,000 in Bodily Injury ("BI") coverage.

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

6. The Policy also gave USAA contractual control over the defense and settlement of all claims brought against Sadlon by third parties such as Wheeler.

7. Exercising its contractual control, USAA initiated settlement negotiations with Stone, Wheeler's attorney.

8. USAA stated its willingness to pay its policy limits in exchange for a release of Sadlon's legal liability to Wheeler.

9. In tendering policy limits, USAA had an obligation to pay attorney fees awardable under Civil Rule 82 ("Rule 82 attorney fees") as a supplementary payment, in addition to the BI limits.

10. The calculation of Rule 82 attorney fees as a percentage of the BI limit rather than as a percentage of the total damages suffered by an injured person is commonly referred to as the payment of "limited Rule 82 attorney fees."

11. The calculation of Rule 82 attorney fees as a percentage of the total damages suffered by an injured person, rather than as a percentage of the BI limit, is commonly referred to "unlimited Rule 82 attorney fees."

12. Regulations promulgated by the Alaska Division of Insurance allow insurers to limit their contractual liability for payment of Rule 82 attorney fees to an amount equal to limited Rule 82 attorney fees.

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

13. Alaska statutes and regulations require that an insurance policy providing only limited Rule 82 attorney fee coverage must include an approved notice in a form promulgated by the Division of Insurance as part of the policy.

14. Unless an insurer complies with the requirements of Alaska law, the insurer's attempts to limit its Rule 82 attorney fee coverage will be ineffective and the insurer will be deemed to provide unlimited Rule 82 coverage.

15. USAA's Alaska Auto Policies specifically state on their declaration page that that Form AFCN(01), which is the required Alaska notice, is an "Information Form" and is "(Not Part of [the] Policy)".

16. The Declarations for Sadlon's USAA Policy follow USAA's normal practice and provide that the notice required by the Alaska Division of Insurance is not part of the Policy.

17. Because the required notice is "Not Part of [the] Policy[,]" USAA is out of compliance with Alaska law and has not effectively limited its Rule 82 coverage.

18. Exercising its contractual control over settlement, USAA tendered Wheeler a total of $59,171.85. This figure represented the $50,000 BI limit plus $1519.86 in statutory interest and $7651.99 in Rule 82 attorney fees.

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

19. The Rule 82 attorney fees offered to Wheeler were based upon the percentages set forth in Civil Rule 82 applied to the $50,000 BI limit rather than calculated as a percentage of Wheeler's total damages. In other words, USAA tendered limited Rule 82 attorney fees.

20. USAA represented that it was tendering its full policy limits to Wheeler.

21. Wheeler accepted USAA's offer of the amount that was represented to be all of the USAA insurance proceeds available to protect Sadlon. On November 19, 2009, Wheeler signed a standard USAA form release, releasing Sadlon from all liability for causing the accident.

22. After signing the release, Wheeler learned that the amount tendered by USAA was not, in fact, USAA's full policy limit because it was calculated based upon limited Rule 82 attorney fee coverage.

23. Because USAA failed to comply with the requirements of Alaska law for limiting its Rule 82 attorney fee coverage, Sadlon's USAA Policy actually provided unlimited Rule 82 attorney fee coverage.

24. The damages suffered by Wheeler that were caused by Sadlon exceed the amount that Wheeler has been paid by USAA.

WUESTENFELD & COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

25. If USAA had, in fact, paid Wheeler the full policy limits of Sadlon's USAA policy, it would have included an amount equal to Rule 82 attorney fees calculated upon Wheeler's total damages, or unlimited Rule 82 attorney fees.

FIRST CLAIM FOR RELIEF
(Reformation of Settlement Agreement)

26. USAA and Wheeler intended that Wheeler would release all claims against Sadlon in exchange for payment of the full policy available to protect Sadlon under her USAA policy.

27. USAA represented that it was paying Wheeler its full policy limits, although that was not actually true.

28. The settlement agreement between Wheeler and USAA should be reformed to reflect the intent of the parties that Wheeler actually receive the full amount of USAA's policy limits in exchange for her agreement to release all claims against Sadlon.

29. Since USAA was, in fact, contractually obligated to provide unlimited Rule 82 attorney fee coverage under Sadlon's USAA policy, the settlement agreement should be reformed to require USAA to pay unlimited Rule 82 attorney fees to Wheeler.

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

## SECOND CLAIM FOR RELIEF
(Misrepresentation)

30. USAA knew or should have known that the amount it was tendering in settlement to Wheeler was not, in fact, its full policy limits.

31. Wheeler reasonably relied upon USAA's representation that Wheeler was receiving Sadlon's full policy limits in exchange for agreeing to release Sadlon.

32. USAA's representation was not true.

33. Wheeler has been damaged by USAA's misrepresentation in an amount equal to the difference between USAA'a actual policy limits and the amount that she has received from USAA. Alternatively, the settlement is voidable and can be rescinded by Wheeler based upon misrepresentation by USAA.

## THIRD CLAIM FOR RELIEF
(Rescission for Mutual Mistake)

34. In the event that USAA asserts that it did not intend to pay Wheeler its full policy limits in exchange for a release of Sadlon, then the settlement agreement should be rescinded based upon mutual mistake and the release of Sadlon's liability should be voided.

## CLASS ACTION CLAIMS

35. There are many injured persons with whom USAA has settled claims under similar liability insurance policies while

WUESTENFELD & COREY, LLC
711 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

representing in writing that USAA was paying its full policy limits. On information and belief, Wheeler alleges that all USAA liability insurance policies issued by USAA in Alaska since 2001 do not properly comply with the requirements of Alaska law for issuing an insurance policy providing only limited Rule 82 attorney fee coverage.

36. Wheeler proposes to represent a class of persons: A) Injured in Alaska since 2001 by persons or entities insured by USAA for legal liabilities, and B) To whom USAA tendered an amount in settlement that USAA represented was its full policy limits, and C) To whom USAA tendered an amount in settlement that was calculated as though USAA had complied with the requirements of Alaska law for limiting its Rule 82 attorney fee coverage, and D) Who agreed to release USAA insureds from legal liabilities in exchange for payment of less than the actual USAA policy limits, including unlimited Rule 82 attorney fees coverage calculated as a percentage of their total damages rather than as a percentage of USAA's BI limits.

37. Injured persons who should have received the full policy limits in exchange for releasing USAA insureds from legal liability have been harmed by USAA's failure to pay unlimited Rule 82 fees.

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

38. The proposed class is so numerous that joinder of all members is impractical.

39. There are questions of law and fact common to the class, including:

a. Whether USAA's standard liability insurance policies are in compliance with Alaska law regarding limited Rule 82 fees.

b. Whether people entitled to be paid the full policy limits by USAA have been harmed by USAA's failure to pay the actual, unlimited Rule 82 fees.

c. Whether the class members have a right to reformation, rescission, or damages due to USAA's violations of Alaska law regarding limited Rule 82 fees.

40. Wheeler's claim is typical of the claims of the class members because it is based in the same factual, legal and remedial theories as the claims of the class.

41. Wheeler can and will fairly and adequately represent and protect the interests of the class. Wheeler is entitled to the same contractual benefits as the members of the class she seeks to represent and is similarly situated with those class members. Wheeler has no interests that are in conflict with or antagonistic to the interests of the class. Wheeler has

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

retained attorneys competent and experienced in class actions who will vigorously prosecute this litigation.

42. Common questions of law and fact predominate over any individual questions that may arise in the class claim.

43. A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

a. On information and belief, there are no pending lawsuits concerning this controversy.

b. The acts complained of took place in this State and this forum is convenient to the parties, the class members, and the potential witnesses.

c. The resolution of the claims of all class members in a single proceeding would be a fair and efficient means of resolving the issues raised in this litigation.

d. The facts and law applicable to the liability claims of each of the class members are the same for this claim, making this class action extremely manageable.

e. Prosecution of separate actions by individual members of the class would create a risk of inconsistent and varying adjudications based on

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

the same facts and law. This would establish incompatible standards of conduct.

f. It is unlikely that any member of the class will receive any relief at all for USAA's actions in the absence of a class action. The class members are almost certainly under the impression that USAA complied with Alaska law and paid them full policy limits, even though this is not the case.

WHEREFORE, Wheeler requests that judgment enter as follows:

1. Reforming her settlement agreement to reflect the intention of the parties that she be paid the full policy limits of Sadlon's USAA policy, and

2. Ordering that USAA pay the difference between the actual USAA policy limits and the amount Wheeler has already been paid, or

3. Awarding Wheeler damages based upon USAA's misrepresentation of the amount of insurance available under Sadlon's USAA policy, or

4. Rescinding the settlement agreement between Wheeler and USAA, including providing Wheeler the option of voiding the release of Sadlon's liability to Wheeler, and/or

5. Awarding each class member the difference between USAA's actual policy limits and the amount the class member has already

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

been paid or, at the class member's option, voiding each class member's release taken by USAA, and

6. Awarding costs, interest and attorney fees as appropriate.

DATED this 10th day of June, 2010, in Anchorage, Alaska.

WUESTENFELD & COREY
Attorneys for Plaintiff

By ______________________
Michael D. Corey
ABA #8511130

DATED this 10th day of June, 2010, in Anchorage, Alaska.

WUESTENFELD & COREY
Attorneys for Plaintiff

By ______________________
Peter A. Sandberg
ABA #0611084

WUESTENFELD & COREY, LLC
741 WEST 4TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

COPY
Original Received
JUN 10 2010
Clerk of the Trial Courts

SHERYL WHEELER,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, and SHARON SADLON,

Defendants.

Case No. 3AN-10-_____ CI

REQUEST FOR JURY TRIAL

Plaintiff, Sheryl Wheeler, by and through counsel, WUESTENFELD & COREY hereby requests a jury trial in the above-captioned matter.

DATED this 10th day of June, 2010 in Anchorage, Alaska.

WUESTENFELD & COREY
Attorneys for Plaintiff

By____________________
Michael D. Corey
ABA #8511130

WUESTENFELD & COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

DATED this 10 day of June, 2010, in Anchorage, Alaska.

WUESTENFELD & COREY
Attorneys for Plaintiff

By [signature]
Peter A. Sandberg
ABA #0611084

WUESTENFELD & COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Sheryl Wheeler
Plaintiff(s),

vs.

United Services Automobile Association & Sharon Sadlon
Defendant(s).

CASE NO. 3AN-10-9110 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: United Services Automobile Association

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Mike Corey, whose address is: 701 West 8th Avenue Suite 1100, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge Rindner
and Master ______________.

☐ This case has been assigned to District Court Judge ______________.

CLERK OF COURT

June 10, 2010
Date

By: [signature]
Deputy Clerk

SEAL OF THE TRIAL COURTS OF THE STATE OF ALASKA THIRD JUDICIAL DISTRICT

I certify that on 6/10/10 a copy of this Summons was ☐ mailed ☑ given to ☐ plaintiff ☑ plaintiff's counsel along with a copy of the ☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order to serve on the defendant with the summons.
Deputy Clerk [initials]

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

FILED
STATE OF ALASKA
THIRD DISTRICT
2010 JUL 20 PM 3:55
CLERK TRIAL COURTS
BY: DEPUTY CLERK

SHERYL WHEELER,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, and SHARON SADLON,

Defendants.

Case No. 3AN-10-8110 CI

RULE 4(f) PROOF OF SERVICE

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

Evelyn O. Singley, paralegal employed by Wuestenfeld & Corey, LLC, being duly sworn, states as follows:

1. This affidavit is filed in compliance with the requirements of Alaska Rule of Civil Procedure 4(f); and

2. On July 13, 2010, copies of the Summons, Complaint, and Request for Jury Trial, was served on Defendant Sharon Sadlon, by certified U.S. mail, restricted delivery. The return receipt is attached as Exhibit A.

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 20th day of July, 2010, at Anchorage, Alaska.

Evelyn O. Singley

SUBSCRIBED AND SWORN to before me this 20 day of July, 2010, at Anchorage, Alaska.




Notary Public for Alaska
My Commission Expires: 12/5/11

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

item 4 if Restricted Delivery is desired.

- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sharon Sadlon
PO Box 358
Palmer, AK 99645

X Sharon

B. Received by (Printed Name) Sharon Sadlon | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

PALMER, AK 99645 JAN 13 2010 USPS

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☒ Yes

2. Article Number
*(Transfer from service label)* 7009 3410 0002 0203 8094

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

FILED STATE OF ALASKA THIRD DISTRICT 2010 JUL 20 PM 3:55 CLERK TRIAL COURTS BY: DEPUTY CLERK

SHERYL WHEELER,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, and SHARON SADLON,

Defendants.

Case No. 3AN-10-8110 CI

RULE 4(f) PROOF OF SERVICE

STATE OF ALASKA )
)ss.
THIRD JUDICIAL DISTRICT )

Evelyn O. Singley, paralegal employed by Wuestenfeld & Corey, LLC, being duly sworn, states as follows:

1. This affidavit is filed in compliance with the requirements of Alaska Rule of Civil Procedure 4(f); and

2. On July 6, 2010, copies of the Summons, Complaint, and Request for Jury Trial, was accepted by the State of Alaska Division of Insurance on behalf of United Services Automobile Association as evidenced by Exhibit 1.

WUESTENFELD & COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this 10th day of August, 2010, on:

Michael D. Corey
Sandberg, Wuestenfeld & Corey
701 W. 8th Avenue, Suite 1100
Anchorage, AK 99501

Barry J. Kell
Call, Hanson & Kell, P.C.
250 H Street
Anchorage, Alaska 99501

RICHMOND & QUINN

2056\229\Pld\Entry of Appearance

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 20th day of July, 2010, at Anchorage, Alaska.

Evelyn O. Singley

SUBSCRIBED AND SWORN to before me this 20 day of July, 2010, at Anchorage, Alaska.




Notary Public for Alaska
My Commission Expires: 12/5/11

WUESTENFELD
& COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

STATE OF ALASKA
DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT
DIVISION OF INSURANCE
JUNEAU, ALASKA

CERTIFICATE OF SERVICE

I, Linda S. Hall, Director of Insurance, certify that I have been served with the attached document(s): SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT, COMPLAINT, REQUEST FOR JURY TRIAL, AND CASE DESCRIPTION IN THE SUPERIOR COURT FOR THE STATE OF ALASKA THIRD JUDICIAL DISTRICT AT ANCHORAGE,

SHERYL WHEELER,

VS.

UNITED SERVICES AUTOMOBILE ASSOCIATION, AND SHARON SADLON,

CASE NO. 3AN-10-8110 CI

Method Rec'd by Cert Mail
Date: 7-13-10

Del'd to: LINDA ALLEN
Dept: GC OPS SPRT.
Date: JUL 13 2010

and that I have accepted, on your behalf, the above service, as received through the U.S. Mail in Juneau, Alaska, on the 06TH DAY OF JULY 2010.

In accordance with the provisions of AS 08.18.081, one copy of the document together with my certification is forwarded to you:

UNITED SERVICES AUTOMOBILE ASSOCIATION,

at your address on file in this office, via certified mail, return receipt requested.

Do not file your answer or response with this office. Direct your questions or response to the court, attorney, or party whose name and address appear on the document served.

Linda S. Hall

Linda S. Hall
Director

Service of Process Section
Division of Insurance
P.O. Box 110805
Juneau, AK 99811-0805
Stacie Estevez
Phone (907) 465-4614




IN TESTIMONY WHEREOF
I have hereunto set my hand and affixed my official seal, at Juneau, Alaska this 09TH DAY OF JULY 2010.

STATE OF ALASKA
DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT
DIVISION OF INSURANCE
JUNEAU, ALASKA

CERTIFICATE OF SERVICE

I, Linda S. Hall, Director of Insurance, certify that I have been served with the attached document(s): SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT, COMPLAINT, REQUEST FOR JURY TRIAL, AND CASE DESCRIPTION IN THE SUPERIOR COURT FOR THE STATE OF ALASKA THIRD JUDICIAL DISTRICT AT ANCHORAGE,

RECEIVED
SANDBERG,
WUESTENFELD & COREY
JUL 12 2010
ATTY. ______ L.ASST ______
APPROVED FILE ______

SHERYL WHEELER,

VS.

UNITED SERVICES AUTOMOBILE ASSOCIATION, AND SHARON SADLON,

CASE NO. 3AN-10-8110 CI

and that I have accepted, on your behalf, the above service, as received through the U.S. Mail in Juneau, Alaska, on the 06TH DAY OF JULY 2010.

In accordance with the provisions of AS 08.18.081, one copy of the document together with my certification is forwarded to you:

UNITED SERVICES AUTOMOBILE ASSOCIATION,

at your address on file in this office, via certified mail, return receipt requested.

Do not file your answer or response with this office. Direct your questions or response to the court, attorney, or party whose name and address appear on the document served.

Linda S. Hall
Director

Service of Process Section
Division of Insurance
P.O. Box 110805
Juneau, AK 99811-0805
Stacie Estevez
Phone (907) 465-4614




IN TESTIMONY WHEREOF I have hereunto set my hand and affixed my official seal, at Juneau, Alaska this 09TH DAY OF JULY 2010.

Exhibit 1
Page 1 of 1 24

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SHERYL WHEELER,

Plaintiff,

vs.

UNITED SERVICES AUTOMOBILE ASSOCIATION, and SHARON SADLON,

Defendants.

Case No. 3AN-10-08110 CI

**ENTRY OF APPEARANCE**

COMES NOW RICHMOND & QUINN and enter their appearance as attorneys of record on behalf of defendant, Sharon Sadlon, and request that all future pleadings and documents in the above cause be served upon them at their office address of 360 "K" Street, Suite 200, Anchorage, Alaska 99501.

DATED this 20th day of August, 2010, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Sharon Sadlon

By: ______________________
Daniel T. Quinn
Alaska Bar No. 8211141

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SHERYL WHEELER,

Plaintiff,

vs.

UNITED SERVICES AUTOMOBILE ASSOCIATION, and SHARON SADLON,

Defendants.

Case No. 3AN-10-08110 CI

**DEMAND FOR TRIAL BY JURY**

COMES NOW defendant, Sharon Sadlon, by and through counsel, RICHMOND & QUINN, and hereby demands a trial by jury in this action regarding each issue so triable.

DATED this 10th day of August, 2010, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Sharon Sadlon

By: ______________________
Daniel T. Quinn
Alaska Bar No. 8211141

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this 20th day of August, 2010, on:

Michael D. Corey
Sandberg, Wuestenfeld & Corey
701 W. 8th Avenue, Suite 1100
Anchorage, AK 99501

Barry J. Kell
Call, Hanson & Kell, P.C.
250 H Street
Anchorage, Alaska 99501

RICHMOND & QUINN

2056\229\Pld\Demand for Jury Trial

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SHERYL WHEELER,

Plaintiff,

vs.

UNITED SERVICES AUTOMOBILE ASSOCIATION, and SHARON SADLON,

Defendants.

Case No. 3AN-10-08110 CI

**ANSWER TO COMPLAINT**

COMES NOW defendant, Sharon Sadlon, by and through its attorneys, Richmond & Quinn, and for answer to plaintiff's complaint admits, denies and alleges as follows:

1. With regard to paragraph 1 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

2. With regard to paragraph 2 of plaintiff's complaint, answering defendant admits that the plaintiff was involved in an accident with her on January 3, 2009, but denies the remaining allegations of this paragraph.

3. With regard to paragraph 3 of plaintiff's complaint, answering defendant denies that plaintiff was seriously injured, at least based upon observations at the

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

accident scene, and lacks sufficient information to admit or deny the remaining allegations of that paragraph.

4. With regard to paragraph 4 of plaintiff's complaint, answering defendant admits the allegations contained therein.

5. With regard to paragraph 5 of plaintiff's complaint, answering defendant admits the allegations contained therein.

6. With regard to paragraph 6 of plaintiff's complaint, on information and belief answering defendant admits the allegations contained therein.

7. With regard to paragraph 7 of plaintiff's complaint, answering defendant understood that settlement negotiations occurred, but lacks knowledge and information sufficient to form a belief as to the truth of the specifics of those conversations, such as which party initiated settlement negotiations.

8 With regard to paragraph 8 of plaintiff's complaint, see response to paragraph 7 above.

9. With regard to paragraph 9 of plaintiff's complaint, the allegations contain legal conclusions to which

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

no responsive answer is required, and on that basis, denies those allegations.

10. With regard to paragraph 10 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

11. With regard to paragraph 11 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

12. With regard to paragraph 12 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

13. With regard to paragraph 13 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

14. With regard to paragraph 14 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

15. With regard to paragraph 15 of plaintiff's complaint, answering defendant admits only that the USAA policy speaks for itself.

16. With regard to paragraph 16 of plaintiff's complaint, answering defendant admits only that the USAA policy speaks for itself, and lacks sufficient information to admit or deny any contention regarding "USAA's normal practice."

17. With regard to paragraph 17 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

18. With regard to paragraph 18 of plaintiff's complaint, answering defendant understands that a settlement was reached, but lacks sufficient information to admit or deny the specific breakdown of that settlement.

19. With regard to paragraph 19 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

20. With regard to paragraph 20 of plaintiff's complaint, answering defendant is without knowledge and

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

information sufficient to form a belief as to the truth of the allegations contained therein.

21. With regard to paragraph 21 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

22. With regard to paragraph 22 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

23. With regard to paragraph 23 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

24. With regard to paragraph 24 of plaintiff's complaint, answering defendant lacks sufficient information to admit or deny the allegations contained therein, except to note that the plaintiff appeared to have no injuries at the accident scene, and on that basis denies those allegations.

25. With regard to paragraph 25 of plaintiff's complaint, the allegations contain legal conclusions to which

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

no responsive answer is required, and on that basis, denies those allegations.

FIRST CLAIM FOR RELIEF

26. With regard to paragraph 26 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

27. With regard to paragraph 27 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

28. With regard to paragraph 28 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

29. With regard to paragraph 29 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

SECOND CLAIM FOR RELIEF

30. With regard to paragraph 30 of plaintiff's complaint, answering defendant is without knowledge and

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

information sufficient to form a belief as to the truth of the allegations contained therein.

31. With regard to paragraph 31 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

32. With regard to paragraph 32 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

33. With regard to paragraph 33 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

THIRD CLAIM FOR RELIEF

34. With regard to paragraph 34 of plaintiff's complaint, the allegations contain legal conclusions to which no responsive answer is required, and on that basis, denies those allegations.

CLASS ACTION CLAIMS

35. With regard to paragraph 35 of plaintiff's complaint, answering defendant is without knowledge and

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

information sufficient to form a belief as to the truth of the allegations contained therein.

36. With regard to paragraph 36 of plaintiff's complaint, answering defendant admits only that the plaintiff proposes to represent the outlined class of persons.

37. With regard to paragraph 37 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

38. With regard to paragraph 38 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

39. With regard to paragraph 39 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

40. With regard to paragraph 40 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953





Case 3:11-cv-00018-SLG Document 1-2 Filed 02/14/11 Page 35 of 40

41. With regard to paragraph 41 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

42. With regard to paragraph 42 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

43. With regard to paragraph 43 of plaintiff's complaint, answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer and by way of:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim for relief against answering defendant.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

THIRD AFFIRMATIVE DEFENSE

Plaintiff's own conduct was comparatively negligent and such conduct should serve to reduce her damages, if any.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are a result of pre-existing conditions and not a result of the accident.

FIFTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Doctrine of Accord and Satisfaction.

SEVENTH AFFIRMATIVE DEFENSE

Certification of a class is inappropriate with answering defendant as a party, since she has no involvement with any other claims.

FURTHER AFFIRMATIVE DEFENSES

Defendant reserves the right to assert whatever other affirmative defenses and/or counterclaims that may become available as discovery progresses.

WHEREFORE, having answered the plaintiff's complaint, defendant prays that the same be dismissed with

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

prejudice; that plaintiff takes nothing from defendant; that defendant be awarded her costs and attorney's fees incurred in defending this action; and for such other and further relief as this court deems just and equitable.

DATED this 10th day of August, 2010, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Sharon Sadlon

By: ______________________
Daniel T. Quinn
Alaska Bar No. 8211141

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this 10th day of August, 2010, on:

Michael D. Corey
Sandberg, Wuestenfeld & Corey
701 W. 8th Avenue, Suite 1100
Anchorage, AK 99501

Barry J. Kell
Call, Hanson & Kell, P.C.
250 H Street
Anchorage, Alaska 99501

______________________
RICHMOND & QUINN

2056\229\Pld\Answer

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SHERYL WHEELER,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION and SHARON SADLON,

Defendants.

COPY
Original Received
AUG 16 2010
Clerk of the Trial Courts

Case No.: 3AN-10-08110 CIV

**ENTRY OF APPEARANCE**

COMES NOW CALL, HANSON & KELL, P.C., and enters its appearance as attorneys of record on behalf of defendant, **UNITED SERVICES AUTOMOBILE ASSOCIATION**, and service may be had on such defendant by delivering mailings or pleadings to said attorneys at 250 H Street, Anchorage, Alaska 99501.

DATED at Anchorage, Alaska, this 16th day of August, 2010.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant United Services Automobile Association

By: ______________________
Barry J. Kell
ABA No.: 8611120

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy of the foregoing was ☐ faxed ☐ hand delivered and/or ☒ mailed this 16 day of August, 2010 to:



Case 3:11-cv-00018-SLG Document 1-2 Filed 02/14/11 Page 39 of 40

EXHIBIT B

Michael D. Corey
Peter A. Sandberg
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501

Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501

[signature]

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865