| | |
|---|---|
| Other Expert Opinion Testimony Summary | February 24, 2012 |
| Retained Expert Reports | February 24, 2012 |
| Final date to Depose Expert Witnesses | March 23, 2012 |
| Discovery Motions | March 30, 2012 |
| Dispositive and Rule of Law Motions | April 6, 2012 |
| Motions re: Expert Opinion Evidence | April 6, 2012 |
| Other Motions, Including Motions in Limine | June 6, 2012 |
| Deposition/Telephonic Designations | June 22, 2012 |
| Deposition Objections/Counter-Designations | July 6, 2012 |
| Deposition Counter-Designation Objections | July 16, 2012 |
| Serve Jury Instructions/Exhibits | July 16, 2012 |
| Meet re Jury Instructions/Exhibits | July 23, 2012 |
| Trial Briefs | July 23, 2012 |
| Objections re Jury Instructions/Exhibits | July 23, 2012 |
| Plaintiff's Final Witness List | July 23, 2012 |
| Pretrial Conference | July 27, 2012 |
| Defendants' Final Witness Lists | July 30, 2012 |
| File Jury Instructions | July 30, 2012 |
| File Joint Exhibit List with Clerk | day of trial |

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SHERYL WHEELER, )
)
       Plaintiff, )
)
v. )
)
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, and SHARON )
SADLON, )
)
       Defendants. )
) Case No. 3AN-10-8110 CI

## NOTICE OF FILING FIRST AMENDED COMPLAINT

Plaintiff, Sheryl Wheeler, by and through her counsel of record, hereby gives notice of filing her First Amended Complaint. The Complaint adds a new defendant and makes additional allegations as to the creation of the disputed policy language. The dates submitted by the parties for a proposed Pre-Trial Order in this case allow the parties until March 18, 2011 to add parties without motion.

DATED this __14__ day of January, 2011, in Anchorage, Alaska.

                                WUESTENFELD & COREY, LLC
                                Attorneys for Plaintiff

                                By _____
                                   Michael D. Corey
                                   ABA #8511130

WUESTENFELD
& COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

DATED this 14 day of January, 2011, in Anchorage, Alaska.

                                    WUESTENFELD & COREY, LLC
                                    Attorneys for Plaintiff

By [signature] FOR
       Mark Sandberg
       ABA #7510084

DATED this 14 day of January, 2011, in Anchorage, Alaska.

                                    WUESTENFELD & COREY, LLC
                                    Attorneys for Plaintiff

By [signature]
   Peter A. Sandberg
   ABA #0611084

This is to certify that a true and
correct copy of the foregoing was
served by (X) mail ( ) hand ( ) fax
this 14th day of January, 2011, to:

Barry J. Kell
Call, Hanson & Kell, PC
250 H Street
Anchorage, AK  99501

Dan Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501

[signature]

NOTICE OF FILING FIRST AMENDED COMPLAINT
*Wheeler v. United Services Automobile Association, et al.*
Case No.: 3AN-10-8110 CI
Page 2 of 2

WUESTENFELD
& COREY, LLC
711 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SHERYL WHEELER, )
)
      Plaintiff, )
)
  v. )
)
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, USAA CASUALTY )
INSURANCE COMPANY, INC., )
and SHARON SADLON, )
)
      Defendants. )
_____ ) Case No.: 3AN-10-8110 CI

## FIRST AMENDED COMPLAINT

For her Complaint, Sheryl Wheeler alleges as follows:

**PARTIES & JURISDICTION**

1. Sheryl Wheeler ("Wheeler") is a resident of Alaska, residing in the Third Judicial District.

2. Sharon L. Sadlon ("Sadlon") is a resident of Alaska residing in the Third Judicial District.

3. United Services Automobile Association ("USAA") is an inter-insurance exchange formed under Texas law.

4. USAA Casualty Insurance Company ("USAA CIC") is a wholly owned subsidiary corporation of USAA with its nerve center in Texas.

5. The acts complained of in this case all took place in Alaska.

WUESTENFELD
& COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

## WHEELER'S INDIVIDUAL FACTUAL ALLEGATIONS

6. All previous allegations are hereby incorporated by reference.

7. On January 3, 2009, Wheeler was involved in an automobile accident ("the accident") caused by Sharon L. Sadlon ("Sadlon"), an Alaska resident.

8. Wheeler, who was seriously injured, sought legal representation from Robert D. Stone, Esq. ("Stone") of Anchorage, Alaska.

9. Sadlon had automobile liability insurance protecting her against Wheeler's claims arising out of the accident.

10. Sadlon was insured by USAA CIC under an automobile liability policy ("the Policy") providing $50,000 in Bodily Injury ("BI") coverage.

11. The Policy also gave USAA CIC contractual control over the defense and settlement of all claims brought against Sadlon by third parties such as Wheeler.

12. Exercising its contractual control, USAA CIC initiated settlement negotiations with Stone, Wheeler's attorney.

13. USAA CIC stated its willingness to pay its policy limits in exchange for a release of Sadlon's legal liability to Wheeler.

WUESTENFELD
& COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
*Wheeler v. United Services Automobile Association, et al.*
Case No.: 3AN-10-8110 CI
Page 2 of 14

Case 3:11-cv-00018-SLG   Document 1-4   Filed 02/14/11   Page 5 of 14   EXHIBIT B   87

14. USAA represented that it was tendering its full policy limits to Wheeler.

15. Wheeler accepted USAA's offer of the amount that was represented to be all of the USAA insurance proceeds available to protect Sadlon. On November 19, 2009, Wheeler signed a standard USAA form release, releasing Sadlon from all liability for causing the accident.

16. In tendering policy limits, USAA CIC had an obligation to pay attorney fees awardable under Civil Rule 82 ("Rule 82 attorney fees") as a supplementary payment, in addition to the BI limits.

17. Exercising its contractual control over settlement, USAA tendered Wheeler a total of $59,171.85. This figure represented the $50,000 BI limit plus $1519.86 in statutory interest and $7651.99 in Rule 82 attorney fees.

18. The Rule 82 attorney fees offered to Wheeler were based upon the percentages set forth in Civil Rule 82 applied to the $50,000 BI limit rather than calculated as a percentage of Wheeler's total damages. In other words, USAA CIC tendered limited Rule 82 attorney fees.

19. After signing the release, Wheeler learned that the amount tendered by USAA CIC was not, in fact, USAA CIC's full

WUESTENFELD
& COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
Wheeler v. United Services Automobile Association, et al.
Case No.: 3AN-10-8110 CI
Page 3 of 14

Case 3:11-cv-00018-SLG   Document 1-4   Filed 02/14/11   Page 6 of 14   EXHIBIT B   88

policy limit because it was calculated based upon limited Rule 82 attorney fee coverage.

20. Because USAA CIC failed to comply with the requirements of Alaska law for limiting its Rule 82 attorney fee coverage, Sadlon's Policy actually provided unlimited Rule 82 attorney fee coverage.

21. The damages suffered by Wheeler that were caused by Sadlon exceed the amount that Wheeler has been paid by USAA CIC.

22. If USAA CIC had, in fact, paid Wheeler the full policy limits of Sadlon's USAA CIC policy, it would have included an amount equal to Rule 82 attorney fees calculated upon Wheeler's total damages, or unlimited Rule 82 attorney fees.

## AN INSURER'S RULE 82 SETTLEMENT OBLIGATIONS

23. All previous allegations are hereby incorporated by reference.

24. The calculation of Rule 82 attorney fees as a percentage of the BI limit rather than as a percentage of the total damages suffered by an injured person is commonly referred to as the payment of "limited Rule 82 attorney fees."

25. The calculation of Rule 82 attorney fees as a percentage of the total damages suffered by an injured person, rather than as a percentage of the BI limit, is commonly referred to "unlimited Rule 82 attorney fees."

FIRST AMENDED COMPLAINT
Wheeler v. United Services Automobile Association, et al.
Case No.: 3AN-10-8110 CI
Page 4 of 14

Case 3:11-cv-00018-SLG   Document 1-4   Filed 02/14/11   Page 7 of 14   EXHIBIT B   89

WUESTENFELD
& COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

26. Regulations promulgated by the Alaska Division of Insurance allow insurers to limit their contractual liability for payment of Rule 82 attorney fees to an amount equal to limited Rule 82 attorney fees.

27. Alaska statutes and regulations require that an insurance policy providing only limited Rule 82 attorney fee coverage must include an approved notice in a form promulgated by the Division of Insurance as part of the policy.

28. Unless an insurer complies with the requirements of Alaska law, the insurer's attempts to limit its Rule 82 attorney fee coverage will be ineffective and the insurer will be deemed to provide unlimited Rule 82 coverage.

## THE USAA GROUP'S FAULTY POLICY LANGUAGE

29. All previous allegations are hereby incorporated by reference.

30. USAA and USAA CIC (collectively the "USAA Group") issue policies that contain identical language regarding limiting Rule 82 Attorney Fees under their Alaska auto policies.

31. The USAA Group's Alaska Auto Policies specifically state on their declaration page that that Form AFCN(01), which is the required Alaska notice, is an "Information Form" and is "(Not Part of [the] Policy)".

WUESTENFELD
& COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
Wheeler v. United Services Automobile Association, et al.
Case No.: 3AN-10-8110 CI
Page 5 of 14

32. The statement that the required Alaska notice is "Not Part of [the] Policy" is the same across the USAA Group's Alaska auto policies.

33. The Declarations in Sadlon's USAA CIC Policy follow the USAA Group's normal practice and provide that the notice required by the Alaska Division of Insurance is not part of the policy.

34. On information and belief, all of the USAA Group's Alaska auto insurance policies state that the required Alaska notice is "Not Part of [the] Policy[.]"

35. On information and belief, the reason all of the USAA Group's Alaska auto insurance policies state that the required Alaska notice is "Not Part of [the] Policy" is because USAA itself directed its subsidiaries such as USAA CIC to use this language.

36. Because the required notice is "Not Part of [the] Policy[,]" the USAA Group is out of compliance with Alaska law and has not effectively limited its Rule 82 coverage.

### FIRST CLAIM FOR RELIEF
(Reformation of Settlement Agreement)

37. All previous allegations are hereby incorporated by reference.

WUESTENFELD
& COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
*Wheeler v. United Services Automobile Association, et al.*
Case No.: 3AN-10-8110 CI
Page 6 of 14

38. USAA CIC and Wheeler intended that Wheeler would release all claims against Sadlon in exchange for payment of the full policy available to protect Sadlon under her USAA policy.

39. USAA CIC represented that it was paying Wheeler its full policy limits, although that was not actually true.

40. The settlement agreement between Wheeler and USAA CIC should be reformed to reflect the intent of the parties that Wheeler actually receive the full amount of USAA CIC's policy limits in exchange for her agreement to release all claims against Sadlon.

41. Since USAA CIC was, in fact, contractually obligated to provide unlimited Rule 82 attorney fee coverage under Sadlon's USAA policy, the settlement agreement should be reformed to require USAA to pay unlimited Rule 82 attorney fees to Wheeler.

### SECOND CLAIM FOR RELIEF
### (Misrepresentation)

42. All previous allegations are hereby incorporated by reference.

43. USAA CIC knew or should have known that the amount it was tendering in settlement to Wheeler was not, in fact, its full policy limits.

WUESTENFELD
& COREY, LLC
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
Wheeler v. United Services Automobile Association, et al.
Case No.: 3AN-10-8110 CI
Page 7 of 14

Case 3:11-cv-00018-SLG   Document 1-4   Filed 02/14/11   Page 10 of 14   EXHIBIT B   92

44. Wheeler reasonably relied upon USAA CIC's representation that Wheeler was receiving Sadlon's full policy limits in exchange for agreeing to release Sadlon.

45. USAA CIC's representation was not true.

46. Wheeler has been damaged by USAA CIC's misrepresentation in an amount equal to the difference between USAA CIC's actual policy limits and the amount that she has received from USAA CIC. Alternatively, the settlement is voidable and can be rescinded by Wheeler based upon misrepresentation by USAA CIC.

### THIRD CLAIM FOR RELIEF
(Rescission for Mutual Mistake)

47. All previous allegations are hereby incorporated by reference.

48. In the event that USAA CIC asserts that it did not intend to pay Wheeler its full policy limits in exchange for a release of Sadlon, then the settlement agreement should be rescinded based upon mutual mistake and the release of Sadlon's liability should be voided.

### CLASS ACTION CLAIMS

49. All previous allegations are hereby incorporated by reference.

50. There are many injured persons with whom the USAA Group has settled claims under similar liability insurance

WUESTENFELD
& COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
*Wheeler v. United Services Automobile Association, et al.*
Case No.: 3AN-10-8110 CI
Page 8 of 14

policies while representing in writing that it was paying its full policy limits.

51. On information and belief, Wheeler alleges that all Alaska liability insurance policies issued by the USAA Group in Alaska since 2001 do not properly comply with the requirements of Alaska law for issuing an insurance policy providing only limited Rule 82 attorney fee coverage.

52. On information and belief, the reason all USAA Group entities failed to comply with Alaska law in identical ways is due to the fact that USAA itself directed its subsidiaries to use the faulty language.

53. Wheeler proposes to represent a class of persons: A) Injured in Alaska since 2001 by persons or entities insured by the USAA Group for legal liabilities, and B) To whom the USAA Group tendered an amount in settlement that it represented was its full policy limits, and C) To whom the USAA Group tendered an amount in settlement that was calculated as though it had complied with the requirements of Alaska law for limiting its Rule 82 attorney fee coverage, and D) Who agreed to release USAA Group insureds from legal liabilities in exchange for payment of less than the actual policy limits, including unlimited Rule 82 attorney fees coverage calculated as a percentage of their total

WUESTENFELD
& COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
*Wheeler v. United Services Automobile Association, et al.*
Case No.: 3AN-10-8110 CI
Page 9 of 14

damages rather than as a percentage of the USAA Group's BI limits.

54. Injured persons who should have received the full policy limits in exchange for releasing USAA Group insureds from legal liability have been harmed by the USAA Group's failure to pay unlimited Rule 82 fees.

55. The proposed class is so numerous that joinder of all members is impractical.

56. There are questions of law and fact common to the class, including:

   a. Whether the USAA Group's standard liability insurance policies are in compliance with Alaska law regarding limited Rule 82 fees.

   b. Whether people entitled to be paid the full policy limits by USAA have been harmed by the USAA Group's failure to pay the actual, unlimited Rule 82 fees.

   c. Whether the class members have a right to reformation, rescission, or damages due to the USAA Group's violations of Alaska law regarding limited Rule 82 fees.

57. Wheeler's claim is typical of the claims of the class members because it is based in the same factual, legal and remedial theories as the claims of the class.

WUESTENFELD
& COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
Wheeler v. United Services Automobile Association, et al.
Case No.: 3AN-10-8110 CI
Page 10 of 14

58. Wheeler can and will fairly and adequately represent and protect the interests of the class. Wheeler is entitled to the same contractual benefits as the members of the class she seeks to represent and is similarly situated with those class members. Wheeler has no interests that are in conflict with or antagonistic to the interests of the class. Wheeler has retained attorneys competent and experienced in class actions who will vigorously prosecute this litigation.

59. Common questions of law and fact predominate over any individual questions that may arise in the class claim.

60. A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

   a. On information and belief, there are no pending lawsuits concerning this controversy.

   b. The acts complained of took place in this State and this forum is convenient to the parties, the class members, and the potential witnesses.

   c. The resolution of the claims of all class members in a single proceeding would be a fair and efficient means of resolving the issues raised in this litigation.

WUESTENFELD
& COREY, LLC
701 WEST 8th AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

FIRST AMENDED COMPLAINT
Wheeler v. United Services Automobile Association, et al.
Case No.: 3AN-10-8110 CI
Page 11 of 14

Case 3:11-cv-00018-SLG   Document 1-4   Filed 02/14/11   Page 14 of 14   EXHIBIT B   96